STATE OF MAINE                                           SUPERIOR COURT
                                                            CIVIL ACTION
YORK, ss.                                              DOCKET NO. CV-05-093


ROBERT R. LEVEAULT,

          Plaintiff

                                                        ORDER ON
     v.                                             PENDING MOTIONS


DEBRA SKOLAS and
THE SMART SHOPPER, INC.,

          Defendants


     The plaintiff, who formerly served as the deputy fire chief in Hollis, has brought

suit against Debra Skolas for writing and paying for the publication of a lengthy

allegedly defamatory statement that was highly critical of him.  He has also sued The

Smart Shopper, Inc. for printing the statement in its weekly publication.  There are three

pending motions that have been argued.

     The plaintiff has been granted an attachment against defendant Skolas and has

moved for attachment against The Smart Shopper, Inc.  I cannot find that it is more

likely than not that the plaintiff will recover against The Smart Shopper.  See Rule 4A(c),

M.R.Civ.P.

     The second motion is the motion of The Smart Shopper, Inc. to dismiss.  After a

review of the written submissions, *Ballard v. Wagner*, 2005 ME 86, June 30, 2005 and

particular consideration of the neutral reportage doctrine found in *Edwards v. National

Audubon Society*, 556 F.2d 113, 120 (2nd. Cir. 1977) the motion will be granted in part.

While it is not clear that an attachment should be granted it also is not clear that the

complaint should be dismissed in full against The Smart Shopper.  Unlike the better

known participants in *Edwards* this case does not involve a decision to report accusations rather it involves a decision to accept a paid advertisement containing accusations. It is true that the case of *New York Times Co. v. Sullivan*, 376 U.S. 254, 256 (1964) involved "statements in a full-page advertisement" signed by many distinguished Americans and that Constitutional protections exist for "'editorial advertisement' of this type", at 266. It is too early to make a final decision on these complex issues. However, the references to "Cosa-nostra", "Little Family" and "mafia" are merely rhetorical devices that would not lead to liability. Ms. Skolas used quotation marks in her paid advertisement making it obvious that she was not accusing fire department members of being gangsters.

The final motion is the motion of defendant Skolas for judgment on the pleadings. That motion is granted in part only as to that portion of the complaint that refers to "Cosa-nostra", "Little Family" or "mafia".

The entries are:

Motion for attachment against The Smart Shopper, Inc. is denied.

Motion of The Smart Shopper, Inc. to dismiss is granted in part, denied in part.

Motion of Debra Skolas for judgment on the pleadings is granted in part, denied in part.

Dated:      August 12, 2005

James Haddow, Esq. - PL
James Billings, Esq. - DEF. DEBRA SKOLAS
Peter J. DeTroy, Esq. - DEF. THE SMART
                        SHOPPER, INC.

Paul A. Fritzsche
Justice, Superior Court

2